FILED
DEC 03 2018
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD THOMAS KENNEDY,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA, *et al.*,

    Defendants.

Civil Action No. 18-2692 (UNA)

## MEMORANDUM OPINION

The plaintiff's claims purportedly arise "in case 5:18-cv-4310 . . . in ECF document 9 titled 'Order' filed 10/12/2018, signed by Defendant Jeffrey L. Schmehl, on behalf of a Court of record, and Defendant Juan R. Sanchez (Chief Judge)[,]" Compl. ¶ 3, filed in the United States District Court for the Eastern District of Pennsylvania. Judge Schmehl dismissed the case as malicious. *See Kennedy v. Commonwealth of Pennsylvania*, Civ. No. 5:18-cv-4310 (E.D. Pa. Oct. 12, 2018). The plaintiff sues Chief Judge Sanchez, Judge Schmehl and the court itself, Compl. ¶¶ 3, 5, for various injuries for which the plaintiff demands monetary damages, *see id.* ¶¶ 13-14, among other relief.

Chief Judge Sanchez and Judge Schmehl enjoy absolute immunity from liability for damages for acts taken in their judicial capacities. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, a judge's dismissal of a civil action is an action taken in his judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam)

(affirming dismissal of claim against United States Tax Court Judge where "[t]he action about which appellant complains – ruling on a motion to dismiss a tax court petition – was well within the judge"'s judicial capacity"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that either judge's "actions [were] taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), defendants are "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id*. at 1461 (citations omitted).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 3, 2018

_____
United States District Judge